I dissent. Clearly, a deduction for depreciation was not allowable to the taxpayer before he became a citizen of the State of Alabama and then, for the first time, could file an Alabama state tax return.
Even if the taxpayer's interpretation creates a tax loophole, that would be insufficient to tilt the clear meaning of the statute.
 "The Taxpayer's Right to Reduce Tax Liability
 "In these days when, through nation-wide agitation, there is constant talk of `tax loop-holes' (to which counsel for the Government referred during the oral argument), it is well to point to the fact that the Supreme Court of the United States ever since the question came before it in [United States v. Isham, 84 U.S. (17 Wall.) 496 (1874),] has insisted that a taxpayer may legally *Page 401 
and honorably take means to minimize his tax. . . .
 "The principle has been reaffirmed repeatedly by the Supreme Court and by the Courts of Appeals. In [Gregory v. Helvering, 293 U.S. 465, 469 (1935)], the Supreme Court, in 1935, epitomized the principle in a sentence which has been quoted approvingly ever since: `The legal right of a taxpayer to decrease the amount of what otherwise would be his taxes, or altogether avoid them, by means which the law permits, cannot be doubted.'
 "Despite the fact that in these cases, it is constantly urged that the motive to avoid taxation is important, the fact remains that, as Judge Learned Hand . . . stated [in Chisholm v. Commissioner, 79 F.2d 14, 15 (2d Cir. 1935),] the Supreme Court `has never, so far as we can find, made that purpose the basis of liability.'"
Herbert v. Riddell, 103 F. Supp. 369, 372-73 (S.D. Cal. 1952) (footnotes omitted).